UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HENRY C. LATHAM, JR., | } |
| | } |
| Plaintiff, | } |
| VS. | } CIVIL ACTION NO. H-07-2395 |
| | } |
| QCI CORPORATION, | } |
| | } |
| Defendant. | } |

## OPINION & ORDER

Pending before the Court are Plaintiff Henry C. Latham, Jr.'s ("Latham") Motion to Reinstate (Doc. 18) and Defendant QCI Corp.'s ("QCI") Response in Opposition to Motion to Reinstate (Doc. 21). For the reasons explained below, Latham's Motion to Reinstate is DENIED.

### I.   Background & Relevant Facts

The Court must determine whether any enforceable settlement agreement already exists between the parties. By plaintiff's own admission, on July 29, 2008, Latham and QCI agreed to the essential terms of a settlement. Doc. 18 at 1. On that date, QCI notified the court that settlement had been reached. Doc. 16. Consequently, the Court entered an Order of Dismissal on Settlement Announcement on August 20, 2008. Latham sent opposing counsel a signed confirmation by fax, where he wrote that he agreed: (1) each party should pay its own attorney fees; and (2) QCI should pay Latham $12,500 (not including worker's compensation). Doc. 21 Exh. 6 at 2. On August 21, 2008, Latham's counsel, Woodrow Epperson ("Epperson") requested the settlement agreement in executable form from QCI. Doc. 21 Exh. 7 at 2. Epperson also requested from QCI two checks pursuant to the settlement: (1) a check of $7,250 payable to Latham; and (2) a check of $5250 payable to Epperson. *Id*. Epperson presented the

settlement agreement to Latham, who rejected it.  Doc. 18 at 1.  Latham asserts he "wishes to cancel the previous settlement agreement."  *Id*.  Latham now brings a motion to reinstate the instant action, and void the Court's prior order of dismissal.  *Id*.

## II.     Discussion

Whether a claim has been released under Title VII via settlement is a question of federal law.  *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981).  Under federal law, the settlement need not be in writing, instead, the Court asks only whether the plaintiff has entered into the agreement 'voluntarily and knowingly.'  *Id*.  By his own admission, Latham agreed to the essential terms of the settlement agreement, although he never signed the agreement itself.  He presents no argument indicating, for example, duress by QCI, or collusion between QCI and his counsel, that would refute his full and free participation in the settlement.  Further confirmation is provided by his signed note summarizing the terms of the settlement, indicating his agreement.  Latham's signed confirmation agrees to a settlement amount that matches with the total amount of the checks Epperson requested from QCI, showing that he was agreeing to the settlement that counsel had negotiated.[1]  Although the greatest respect is due rights granted to plaintiffs under Title VII, once those rights have been 'voluntarily and knowingly' abandoned, the plaintiff cannot revive his claim.  Latham's "wish to cancel the previous settlement agreement" is not one available under the law because, once made, a settlement cannot be cancelled unilaterally.  Consequently, the Court denies Latham's Motion to Reinstate.

## III.    Conclusion.

Accordingly, it is hereby ORDERED that Plaintiff Henry C. Latham, Jr.'s Motion to

---

[1] In *Fulgence*, the district court conducted an evidentiary hearing to determine if agreement was 'knowing and voluntary.'  662 F.2d at 1209 Here, because of the plaintiff's admissions on the record, as well as his written confirmation of the terms, this is unnecessary.

Reinstate (Doc. 18) is DENIED.

    SIGNED at Houston, Texas, this 25th day of February, 2009.

                                              MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE